Singh v. Rosen

BIA
Christensen, IJ
A205 585 883

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of December, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

JARNAIL SINGH,
>> *Petitioner,*

>> v.                                          16-4150
                                               NAC

JEFFREY A. ROSEN, ACTING UNITED STATES ATTORNEY GENERAL,
>> *Respondent.**

_____

| | |
|---|---|
| **FOR PETITIONER:** | Jaspreet Singh, Jackson Heights, NY. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, |

_____

\* The Clerk of Court is directed to amend the caption as set forth above.

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jarnail Singh, a native and citizen of India, seeks review of a November 16, 2016 decision of the BIA affirming a December 16, 2015 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jarnail Singh,* No. A205 585 883 (B.I.A. Nov. 16, 2016), *aff'g* No. A205 585 883 (Immig. Ct. N.Y. City Dec. 16, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

In reviewing credibility, the agency must "[c]onsider[] the totality of the circumstances," and may base a finding on

2

an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . .it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of the Congress Party in India twice attacked him on account of his membership in Akali Dal Mann.

First, the agency reasonably relied on the inconsistency between Singh's testimony and his parents' statements regarding his medical treatment after the first attack. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh testified that his family members bandaged him and that he did not go to a doctor. But his parents' statements assert that Singh was treated by a doctor. The agency was not required to credit Singh's explanation—that his mother put a bandage on him— because it did not explain the inconsistency about whether he had been treated by a doctor. *See Majidi v. Gonzales*, 430

3

F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Singh now contends that his parents' statements are unreliable because they were prepared in English, which his parents do not speak. Even if Singh had proffered this explanation before the agency, the agency would have been entitled to reject it because Singh had the burden of proof and he submitted the letters to support his claim. *Id.; see also* 8 U.S.C. § 1158(b)(1)(B)(i) (placing burden of proof on asylum applicant).

Second, the agency also reasonably based the credibility determination on Singh's omission from his application of any reference to his five-day hospital stay. *See Xiu Xia Lin*, 534 F.3d at 166 n.3. Singh testified that he was beaten so severely during the second attack that he was admitted to the hospital for five days. But his application stated that he lost consciousness after being hit and then fainted, that people threw water on him and took him home, and that he was treated by a doctor. The agency was not required to credit Singh's explanation that he thought mentioning the doctor would be enough because, as the IJ observed, the fact that

4

Singh was beaten so severely that he required five days of hospitalization is a detail that would be expected to appear in his application. *See Hong Fei Gao*, 891 F.3d at 78-79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."); *id.* at 82.

Third, the agency reasonably relied on Singh's shifting testimony about whether he was threatened prior to the attacks. *See* 8 U.S.C. S 1158(b)(1)(B)(iii). Singh initially testified that he was asked to join the Congress Party in November 2012, then that he was threatened at the same time, but then backtracked and said he was not threatened then. Accordingly, Singh's assertion that he never shifted his testimony is contradicted by the record.

Lastly, the agency reasonably found Singh's corroborating evidence insufficient to rehabilitate his credibility. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ properly accorded diminished weight to statements from Singh's village head and party because they were vague. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013)("We generally defer to the agency's evaluation of the

weight to be afforded an applicant's documentary evidence."). The IJ also reasonably declined to credit the statements from Singh's parents because they were nearly identical, inconsistent with Singh's testimony concerning his medical treatment, and authored by interested witnesses not subject to cross examination. *Id.* at 332, 334.

Given the foregoing findings, the "totality of the circumstances" supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court